[Civ. No. 1888. Second Appellate District.—September 18, 1917.]

## L. L. TORREY, Respondent, v. REFRIGERATION PLANTS MANUFACTURING COMPANY (a Corporation), Appellant.

Action for Services — Amount of Compensation — Conflict of Evidence—Support of Finding.—In this action to recover an alleged balance due for services under a settlement adjusting the differences of the parties and for wages for a period of time subsequent thereto, it is held that the evidence, though sharply conflicting, was sufficient to support the finding that at the time of the settlement the plaintiff's wages were reduced, and that after such settlement he continued to work for defendant at the reduced salary.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge.

The facts are stated in the opinion of the court.

E. R. Young, for Appellant.

Shirley E. Meserve, and W. A. Sumner, for Respondent.

JAMES, J.—The appeal in this case was taken from a judgment rendered in favor of the plaintiff. It is claimed that the evidence is insufficient to support certain findings made by the trial judge. Plaintiff, during the latter part of the year 1913, was employed by the defendant; the general character of his employment was that of salesman of stock of the defendant corporation and salesman of certain machines manufactured by it. It seems to be admitted that, at least for a short period during the early part of his employment, he was to receive the sum of $175 per month. Later, and before January 1, 1914, defendant reduced the compensation of all of its employees. If the reduction affected the compensation of the plaintiff, plaintiff would be entitled to receive, instead of $175 per month, the sum of $131.25 per month. On or about March 16th, settlement not having been made with the plaintiff, the manager of the defendant adjusted the account for compensation of plaintiff by agreeing to pay him five hundred dollars in cash and five hundred dollars thereafter. In making up this account or

settlement of the wages of plaintiff for that period of time subsequent to the date when the general reduction was made in employees' salaries, the sum of $131.25 per month was allowed to the plaintiff. Plaintiff continued to work for the defendant for five months subsequent to March 16, 1914. At the end of that time he brought this suit to recover unpaid balance due on the settlement made March 16th; also to recover wages at the rate of $175 per month for the time subsequent thereto. The trial judge made a finding that plaintiff was entitled to recover for the time subsequent to March 16th at the rate of $131.25. This finding is attacked as being wholly unsupported by the evidence. Plaintiff on his side testified that he never agreed to the reduction being made in the amount of his compensation, to wit, from $175 to $131.25, but that the March settlement was agreed to by him as a compromise and because the defendant at that time claimed, through its manager, that business was poor and it was lacking in funds. On the other hand, the manager of defendant testified that it was his understanding prior to March 16th that for the most part the plaintiff was working on a commission basis, which had been agreed to be twenty per cent of the amount of sales; he testified that after making the settlement of March 16th he informed the plaintiff that if the plaintiff continued to work for the defendant, he would be paid upon a commission basis only—that no fixed salary would be allowed. Plaintiff denied that any such statement was made, and testified that after the terms of the settlement were agreed upon he was told to go back to work and nothing was said further as to what his compensation would be. He insisted and repeated in the course of his testimony that he claimed $175 per month for the whole time. Appellant's counsel contends that under this state of the case the court should either have found that the salary agreed to be paid to plaintiff was $175 per month for the five months subsequent to March 16th, or should have found, agreeable to the contention of defendant's manager, that the compensation of plaintiff after March 16th was to be determined wholly upon a commission basis. We think there was evidence to sustain the finding of the court as made. The mere statement of the plaintiff that he claimed $175 per month was a conclusion on his part as to what he was legally entitled to. The trial court had to determine from the facts as to whether there had

been a reduction made in the plaintiff's compensation from $175 per month to $131.25, and also as to whether plaintiff was working on a commission or a salary basis after March 16th. There was evidence sufficient upon which the court could find that the reduction was made in the compensation of plaintiff prior to March 16th; and if the statement of the plaintiff was true (as the court evidently concluded), that after the settlement of March 16th was made he was told to go back to work and nothing was said as to what his future compensation should be, the inference would be justified that the plaintiff was then continuing in the employ of defendant at the reduced salary. There was a sharp conflict in the evidence introduced on all the material issues involved. The matter of resolving the facts was one exclusively within the province of the trial judge. We think there was evidence to sustain the findings.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.